## Case No. 13,816.

### Ex parte TEBBETS.

[5 Law Rep. 503.]

District Court, D. New Hampshire. 1842.

BANKRUPTCY—PROPERTY OF MINOR CHILDREN.

*Held,* that the property of minor children, which had been accumulated by their sole exertions, with their father's consent, and had always stood in their name, did not vest in the assignee of the father.

In this case, the assignee [Torr] made his return, that the bankrupt had delivered to him all his property, of every description, unless two hundred and seventy-eight dollars deposited in the Strafford Savings' Bank, and two shares in the Rochester Bank, of the value of one hundred dollars each, which stand in the name of his two minor sons, one twenty, the other seventeen years of age, should be deemed and taken as the property of the bankrupt. It appeared, that Torr, the bankrupt, had been a retailer of merchandise, in the town of Rochester, where he now resides, for the last twenty-four years. About ten years since, being without a clerk, and to induce his sons to remain in the store, he stipulated with them, that if they would remain in the store, and be faithful to his interest, they should have the privilege of selling confectionery, and the profits arising from such sale should belong to them. Accordingly, preparations were made for keeping their stock and their money, entirely separate from the business of the store. They purchased their first stock, not exceeding two dollars in value, with money which they had obtained, as children obtain small sums of money, and enlarged their business as their capital increased. When the Rochester Bank was established in 1835, they took one share of its capital stock, paid one half the amount, and gave their note, secured by a pledge of the stock, for the other half. The note was afterwards paid by them in small sums, as they had means. Afterwards, they bought another share in the same bank, and secured the payment for it, by pledging the certificate, and for which payment has since been made by them, in small sums, realized from the profits of their business, as satisfactorily appears. These shares have always been taxed to these boys, and they have ever paid the taxes from their own money, and received the dividends made thereon. The two hundred and seventy-eight dollars, deposited in the Strafford Savings' Bank, in the belief of the father, was obtained from their aforesaid business, and in no other way, as he never contributed, either directly or indirectly, towards this deposit, or the payment of the bank shares.

C. H. Woodman, for minors.

HARVEY, District Judge, was of opinion, that this case furnished sufficient reasons for an exception to the general rule, which gives to the parent the proceeds of the labor and industry of minor children. And, in adopting this conclusion, he was not aware that the creditors of the bankrupt had any just grounds for complaint. For, from the facts disclosed, it might safely be presumed, that the effects of the bankrupt were none the less, in consequence of this agreement of the father with these boys; but, on the other hand, the strong presumption was, that they were increased by reason of the greater diligence and constant attendance on the business of the father, by his sons, considering it for their own interest to be trustworthy and faithful. He considered it no forced construction, to view this transaction in the character of a daily task, required to be performed by these minors, and after the performance of which, the residue of the time, with all its advantages and all that might be realized from it, to be at their disposal. This, he presumed, was a practice of no unfrequent occurrence; but the gross injustice of a father, in taking away a small pittance, earned under such circumstances, must be obvious to every one, however strongly it may be urged and supported by strict legal construction. Moreover, he thought the creditors had no equitable claim to this property, for the reason, that it never was considered the property of the bankrupt, and of course he never could have received any further indulgence, or additional credit from them on this account. The books of the savings bank, and the collector's tax book, have always shown this deposit and these bank shares, to be the property of these boys. His opinion, therefore, was, that this property could not be claimed by the assignee.